IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH HALE and VIKI HALE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00745-JPG-SCW |
| | ) | |
| BAYER CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the question of federal subject matter jurisdiction. The Notice of Removal (Doc. 1)[1] filed by Defendant Bayer Corporation ("Bayer") alleges that Defendants Walgreens, Walgreens Co., Walgreens Business Services, LLC, and their related companies and entities ("Walgreens") are the "epitome of fraudulent joinder" and that this Court should disregarded their citizenship for the purposes of determining diversity jurisdiction.

1. **Background.**

This is a strict product liability action alleging that Plaintiff Kenneth Hale took the over-the-counter medication, Aleve, for less than ten days and suffered a permanent kidney injury. Plaintiffs Kenneth and Viki Hale are citizens of Illinois. Bayer is a citizen of Indiana and Pennsylvania and Bayer HealthCare LLC is a citizen of Delaware and Pennsylvania. Walgreens Defendants are citizens of Illinois.

Counts VI-VIII of the Plaintiffs' Complaint are directed towards Walgreens and allege negligence and willful and wanton conduct in that Walgreen worked together with Defendant Bayer to market, advertise and promote Aleve. In support of these counts, Plaintiffs allege that, "The Hales regularly visited and shopped at a Walgreens in Godfrey, Illinois" and that "The Hales' visits to

---

[1] Plaintiffs did not file a specific response to the Notice of Removal, but did file a Motion for Remand (Doc. 14) and a Brief in Opposition to Walgreens' Motion to Dismiss (Doc.13). The Court reviewed and considered both filings in its determination of the jurisdictional issue.

Walgreens and the time they spent in the portion of the store where the Aleve was placed for sale influenced their perception that Aleve was safe when in fact it caused kidney injury." (Doc. 1-1, page 10).

The Plaintiffs previously filed a complaint in this Court (*Hale v. Bayer Corporation,* 3:14-cv-00481-MJR-SCW) which was voluntarily dismissed on April 29, 2015. That matter did not name Walgreens as a defendant, but contained the substantially same allegations against Bayer. After dismissal, the matter was filed in Madison County (2015L 000721) on June 4th, 2015, with the addition of Walgreens as a defendant, and then removed to this Court. Bayer now moves this Court to ignore the citizenship of Walgreens in determining whether this Court has jurisdiction.

2. **Standard.**

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a)(1). The "proponent of federal jurisdiction has the burden of proof." *Meridian Sec. Ins. Co. v. Sadowski,* 441 F.3d 536, 540 (7th Cir. 2006)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)).

A plaintiff cannot destroy diversity jurisdiction by joining a nondiverse party if the joinder is fraudulent. *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The Court must ignore the citizenship of fraudulently joined parties when determining if it has diversity jurisdiction. *Id.*; *see Bodine's Inc. v. Federal Ins. Co.*, 601 F. Supp. 47, 48-49 (N.D. Ill. 1984). Fraudulent joinder can occur in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against the nondiverse defendant in state court or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottleib*, 990 F.2d at 327. The party invoking the Court's jurisdiction bears a heavy burden of persuasion to demonstrate fraudulent joinder. *Poulos v. Naas Foods, Inc., 959 F.2d 69*, 73 (7th Cir. 1992). Any doubt with regard to removal should be resolved in

favor of the plaintiff's choice of forum. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009).

There is no dispute with regard to the amount in controversy and Bayer is not alleging outright fraud in plaintiffs' pleadings. However, Bayer is alleging that there is no possibility that the plaintiffs can state a cause of action against Walgreens. "[A]fter resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur* at 73. As such, "[T]he federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.* In this case, is there any reasonable possibility that an Illinois state court would rule against Walgreens?

3. **Analysis.**

Illinois law requires, "All pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply." 735 ILCS 5/2-603. In order to state a cause of action for negligence under Illinois law, the plaintiff must show that: "(1) the defendant owed him a duty of care; (2) the defendant breached that duty; and (3) the breach was the proximate cause of his injuries." *Staples v. Krack Corp.*, 186 F.3d 977, 979 (7th Cir.1999) (*citing Ward v. Kmart Corp.*, 554 N.E.2d 223, 226 (Ill.1990)).

Bayer argues that Walgreens did not owe the Plaintiffs a duty of care. "The existence of a duty is a question of law for the court to decide; however, the issues of breach and proximate cause are factual matters for a jury to decide provided there is a genuine issue of material fact regarding those issues." *Adams v. Norther Illinois Gas Co.*, 809 N.E.2d 1248, 1257 (Ill. 2004)(internal citations omitted).

The Plaintiffs allege that Walgreens, in placing Aleve for sale in a portion of their store, owed "a duty to exercise reasonable care to consumers in the promotion, advertising, marketing, distribution, and/or sale of Aleve." (Doc. 1-1, pg 10). Bayer cites to *Walton v. Bayer Corp.*, 643

F.3d 995 (7th Cir. 2011) noting that Illinois court apply the application of the learned-intermediary doctrine to limit the liability of pharmacies.

> Pharmacies (and normally other sellers in the chain of distribution that runs from the manufacturer to the ultimate consumer) can't be expected to warn their customers of the possible defects and dangers of the prescription drugs they sell.  It would be senseless, especially given drug regulation by the Food and Drug Administration and the extensive tort liability of drug manufacturers, to make pharmacies liable in tort for the consequences of failing to investigate the safety of thousands of drugs." *Id* at 1000.

The court in *Walton* went on to explain that Illinois courts hold that if a pharmacy "knew that the plaintiff was abnormally susceptible to a particular side effect of Yazmin, it had a duty to warn her or her physician."  *Id*.  In the case bar, there is no indication that the Plaintiffs purchased the Aleve or even that they regularly purchased over-the-counter medication at Walgreens.  According to Plaintiff Kenneth Hale's interrogatory responses, he filled his prescriptions at either Express Scripts or Schnucks Pharmacy[2] in Godfrey, Illinois (Doc. 6-4, pg 4).  As such, Walgreens could not fall into the exception of the Illinois learned-intermediary doctrine because there is no allegation that Walgreens knew, or could have known, that the plaintiff was susceptible to a particular side effect of Aleve.

The plaintiffs argue that the Court should disregard this, and other pharmacy related cases, as "a pharmacist does not owe a duty to consumers of prescription drugs because such a duty would place the pharmacist in the middle of the doctor-patient relationship. . . and this case involves the direct-to-consumer advertising and promotion of an over-the-counter medicine."  (Doc. 14, pg 2).  The Court does not agree.  As quoted above, the *Walton* court stated "*(and normally **other sellers** in*

---

[2] Express Scipts and Schnucks Pharmacy are Missouri are citizens for the purpose of diversity.  *See* Missouri Secretary of State https://bsb.sos.mo.gov/businessentity/BESearch.aspx (last visited 8/26/2015).

*the chain of distribution that runs from the manufacturer to the ultimate consumer*)" (*emphasis added*).  The Court agrees with the reasons stated in *Walton* that "It would be senseless, especially given drug regulation by the Food and Drug Administration and the extensive tort liability of drug manufacturers, to make pharmacies liable in tort for the consequences of failing to investigate the safety of thousands of drugs." *Id.*  The logic of *Walton* applies to over-the-counter as well as prescription medication.  If Plaintiffs obtained their prescription medications, as well as over-the-counter drugs at Walgreens, then there may have existed an argument that Walgreens should have been aware of a drug interaction or prior side effect of the contains of Aleve to the plaintiff, but no such relationship is alleged.

The only relationship alleged in the complaint is a consumer relationship between the Plaintiffs and Walgreens. Illinois courts have held that in regard to the duty of care:

> "'[t]he touchstone of this court's duty analysis is to ask whether a plaintiff and a defendant stood in such a *relationship* to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff.'" *Simpkins v. CSX Transportation*, Inc, 965 N.E. 2d 1092,1096 (Ill. 2012).
>
> The relationship referred to in this context acts as a shorthand description for the sum of four factors:  (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury; (3) the magnitude of the burden of guarding against the injury; and (4) the consequences of placing that burden on the defendant. *Id at* 1097.

However, the *Simpkins* court went on to state:  "Thus, if a course of action creates a foreseeable risk of injury, the individual engaged in that course of action has a duty to protect others from such injury. This does not establish a 'duty to the world at large,' but rather this duty is limited by the considerations discussed above." *Id*, at 1097.

Whether an injury is reasonably foreseeable is determined at the time the alleged negligent action occurred and not with the benefit of hindsight. "While this does not require the plaintiff to set forth evidence in the complaint, it does demand that the plaintiff allege facts sufficient to bring a claim within a legally recognized cause of action. A plaintiff may not rely on conclusions of law or fact unsupported by specific factual allegations." *Id* at 1099.

There are no specific factual allegations other than Walgreens placed Aleve for sale in their store and that such placement influenced the Plaintiffs' perception that Aleve was safe. That Walgreens "marketed, advertised and promoted and warranted" are unsupported by specific factual allegations such as whether the Aleve was set apart from other over-the-counter pain relievers of that type or any other specific allegation that Walgreens specifically endorse Aleve in a manner that an average consumer would take Walgreen's actions above that of an offer of sale.

The Plaintiffs' only allege that by regularly visiting and shopping at a Walgreens store in Godfrey, Illinois, their perception that Aleve was safe was influenced. The Court is certain that numerous stores throughout the Godfrey, Illinois area display and sell Aleve – including the stores in which the plaintiffs testified they obtain their prescription drugs – yet only the in-state Walgreens is a named defendant. Also interesting to note is that Plaintiff Kenneth Hale is currently the Director of Marketing and New Product Development for Olin Brass and has been employed "for the last approximate 34 years in sales and marketing positions." As such, it would appear to the Court that the Plaintiff would be a better position to state at least some manner in which Walgreens "marketed, advertised and promoted and warranted" sufficient to bring his claims within a legally recognized cause of action.

Plaintiffs also allege Walgreens engaged in willful and wanton conduct. Conduct is willful and wanton under Illinois law if it constitutes "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745 ILCS 10/1-210.

Regardless of the number of ways in which the Plaintiffs state, restate, or rephrase, the basic facts to which the Plaintiffs bring their allegations against Walgreens is simply that the Plaintiffs shopped in a Walgreens store in Godfrey, Illinois and that Walgreens had Aleve for sale in the store in such as manner as to influence the Plaintiffs that Aleve is safe.  Such general allegations areinsufficient to bring a duty to Walgreens nor is it sufficient to bring a claim within a legally recognized cause of action under Illinois law.

4. **Conclusion**

Based on the above, the Court finds there is no reasonable possibility that an Illinois state court would rule against Walgreens.  As such, Walgreens is **DISMISSED** without prejudice and the citizenship of Walgreens is disregarded for the purpose of determining diversity jurisdiction.  This Court retains jurisdiction and Walgreen's Motion to Dismiss (Doc. 6) and Plaintiffs' Motion to Remand are **DENIED** as moot.

**IT IS SO ORDERED.**

**DATED:**  9/15/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT
DISTRICT JUDGE**